# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFFREY PARKES,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-14-0361-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　　　Agency. | DATE: October 24, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey Parkes</u>, Williamsville, New York, pro se.

<u>J. Douglas Whitaker</u>, Esquire, Omaha, Nebraska, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal,[2] we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency removed the appellant from his GS-13 Criminal Investigator position based on the following charges: (1) causing a member of the public to fear for his physical safety; (2) misuse of a privately owned weapon that the agency authorized [the appellant] to carry on and off duty; and (3) conduct unbecoming a law enforcement officer. Initial Appeal File (IAF), Tab 8 at 25-26, Tab 10 at 105. Specifically, the agency charged that the appellant, who was staying at a hotel while he was serving as part of a security detail that was protecting dignitaries attending the United Nations General Assembly, had gotten drunk and lost his room key. A hotel guard accompanied the appellant to the

---

[2] On review, the appellant filed motions for leave to file additional pleadings. Petition for Review (PFR) File, Tabs 9, 14. In his motions, the appellant sought leave to submit into the record two *National Review* articles describing his work as a special agent, a form regarding hearing loss that he contends has long been pending with the agency, and evidence regarding alleged cover ups of activity within the agency. According to the appellant, the articles address the good nature of his character, and the pendency of the form and the alleged cover ups demonstrate illegal actions by the agency. The appellant failed to explain how this additional evidence would warrant a different outcome from the initial decision and we will not disturb the administrative judge's thorough and well-reasoned findings on the charge and penalty. Accordingly, the appellant's motions for leave to submit additional evidence are denied.

appellant's hotel room and opened the door; the appellant refused to show the identification that the guard requested; and the appellant pulled his privately owned gun on the guard, who reasonably feared for his safety. IAF, Tab 10 at 105. Subsequently, the appellant was charged with a criminal misdemeanor based on his conduct, and sentenced to 45 days in prison and 3 years of probation. *Id.* The agency charged that the appellant's criminal conviction was conduct unbecoming a law enforcement officer.

¶3 The appellant appealed the action, alleging that it constituted discrimination on the basis of disability, namely, alcoholism. IAF, Tab 1. Also, during the proceedings below, the appellant raised the affirmative defense of harmful procedural error. He alleged that the agency engaged in coercive behavior and committed due process violations when it provided the New York District Attorney's Office with false information regarding his prior alcohol-related incidents. IAF, Tab 42. Based on the parties' written submissions,[3] the administrative judge found that the agency proved only charges (1) and (3), i.e. causing a member of the public to fear for his safety and conduct unbecoming a law enforcement officer. IAF, Tab 130, Initial Decision (ID). She also found that the appellant failed to prove his affirmative defenses. ID at 8-13. Finally, she found that the agency established that discipline promoted the efficiency of the service and that the penalty of removal was within the bounds of reasonableness for the sustained charges. ID at 13-19.

¶4 In his petition for review, the appellant contends as follows, that: the agency failed to prove charges (1) and (3) by preponderant evidence; he proved his affirmative defense of disability discrimination based on alcoholism; he proved harmful procedural error because his removal was predetermined and the agency improperly relied on prior incidents of alcohol-related misconduct in deciding to remove him; and the penalty was too harsh and disparate when

---

[3] Although the appellant initially requested a hearing, IAF, Tab 1, he subsequently waived his hearing right, IAF, Tab 101.

compared to the penalty imposed on others for similar misconduct. He also alleges that the administrative judge was biased and erred by not recusing herself. Petition for Review (PFR) File, Tab 1. The agency submitted a response to the appellant's petition for review.[4] PFR File, Tab 4.

## ANALYSIS

The administrative judge correctly found that the agency proved charges (1) and (3).

¶5      Concerning the first charge, the agency submitted a statement from the guard providing that when the appellant pulled his gun, the guard quickly slammed the door and ran away. IAF, Tab 10 at 128. Also, the agency submitted the appellant's plea allocution in the criminal case in which he admitted that he placed the guard in reasonable fear of serious physical injury or death by pointing a loaded firearm at his face. IAF, Tab 9 at 100-02, 105-07; Tab 10 at 51, 119. Thus, we find that the administrative judge correctly found that the agency proved charge (1) by preponderant evidence.

¶6      The agency also submitted evidence that the appellant was convicted of reckless endangerment related to his pulling a loaded gun on the hotel guard, and that he was sentenced to jail and probation. Through this proof, the agency established that the appellant engaged in conduct that was improper, unsuitable, or detracted from his character or reputation. *See Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202-04 (1997) (finding that improper conduct may support a conduct unbecoming charge). Thus, we agree with the administrative judge that the agency proved charge (3) by preponderant evidence.[5]

---

[4] The agency does not challenge the administrative judge's finding that it failed to prove charge (2) and we see no reason to disturb that finding.

[5] The administrative judge also relied on the fact that the appellant did not show that his conviction had been reversed. As noted herein, the administrative judge denied the appellant's motion for dismissal without prejudice so that he could challenge his conviction. IAF, Tab 68. The administrative judge denied the appellant's motion on February 24, 2015. She issued the initial decision on July 26, 2016, more than a year

<u>The administrative judge correctly determined that the appellant failed to prove his allegation of disability discrimination.</u>

¶7    We find that the administrative judge also properly found that the appellant failed to prove his affirmative defense of disability discrimination. As the administrative judge found, even if the appellant established that he was addicted to alcohol, and even if he had established that his misconduct was caused by or was entirely manifested by his addiction, he still would not have established that his removal constituted disability discrimination. Neither the Rehabilitation Act nor the Americans with Disabilities Act immunizes disabled employees from being disciplined for misconduct in the workplace, provided the agency would impose the same discipline on an employee without a disability. *Laniewicz v. Department of Veterans Affairs*, 83 M.S.P.R. 477, ¶ 5 (1999). As the administrative judge determined, the appellant did not establish that the agency retained nondisabled employees after those employees committed similar offenses.

¶8    The administrative judge's summary finding that the agency imposed the same discipline on an employee without a disability who committed an offense similar to that committed by the appellant is clarified in the administrative judge's penalty discussion. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (stating that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests). There, the administrative judge identified the three employees who the appellant alleged

---

later. The appellant provided no evidence that during that year his conviction had been reversed; nor did he provide evidence that his conviction had been reversed with his petition for review. To the extent that it may have been error for the administrative judge to rely on the appellant's failure to show that his conviction had been reversed in sustaining charge (3), we find no evidence that it harmed the appellant's rights and provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

were treated less harshly, and properly found that they were not similarly situated to the appellant. ID at 17-18.

¶9        The first of these employees was suspended for 60 days based on the charge of conduct unbecoming and inappropriate display or brandishment of a weapon; however, in determining the penalty, the deciding official considered that the employee's actions were defensive in nature "following an attack." ID at 17; IAF, Tabs 47, 64, 110. By comparison, it is undisputed that the appellant's actions were unprovoked. The second of these employees was still under investigation and the agency had not yet determined if it would impose any disciplinary action; in any event, his conduct was not similar to the appellant's because, as with the first comparator, he had been attacked and was defending himself. ID at 18; IAF, Tab 64 at 162. The third employee also was still under investigation and a decision on whether to take a disciplinary action had not occurred yet. ID at 18; IAF, Tab 108 at 5-6. However, the third employee was located in a different field office than that of the appellant, and the deciding official was not aware of the investigation regarding the third employee when he rendered his decision. ID at 18; IAF, Tab 110 at 2-7. Despite the ongoing investigation, there is no evidence that the agency knowingly intended to treat the appellant differently than the third employee. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14.[6] Consequently, the administrative judge properly found that the appellant failed to prove his allegation of discrimination on the basis of disability. *See Laniewicz*, 83 M.S.P.R. 477, ¶ 5.

---

[6] Our decision in *Singh*, issued after the initial decision in this appeal, clarifies that the relevant inquiry for assessing a claim of disparate penalties when weighing the reasonableness of a penalty is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Singh*, 2022 MSPB 15, ¶ 14. There is no evidence in the record to indicate that the agency did so in this case. Thus, any subsequent change in the case law does not provide a reason to disturb the conclusions of the initial decision.

<u>The administrative judge correctly found that the appellant failed to prove his violation of due process claims.</u>

¶10     As to the appellant's due process allegations, we agree with the administrative judge that the appellant failed to prove that his removal was predetermined by the deciding official. While it is true that the appellant has a due process right to have an unbiased decision maker decide his case, he failed to provide any particular reasons why the agency's choice of the deciding official here made the risk of unfairness to the appellant "intolerably high." *Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶ 6 (2012) (finding that a deciding official's awareness of background information about the appellant, his concurrence in the desirability to take an adverse action, or his predisposition to impose a severe penalty does not disqualify him from serving as a deciding official on due process grounds).

¶11     In addition, the agency properly relied on the appellant's prior incidents of alcohol-related misconduct in its penalty determination even though they were not identified in the notice of proposed removal. As the administrative judge found, the deciding official advised the appellant that he planned to rely on these incidents, and he provided the appellant a copy of the documents regarding these incidents and an opportunity to reply. ID at 3; IAF, Tab 9 at 4-5. The appellant not only filed oral and written replies to the proposal letter, ID at 3; IAF, Tab 9 at 127-71, Tab 10 at 20-31, he also replied again to the additional documents regarding the prior incidents. ID at 3; IAF, Tab 8 at 35-39. We find no error in the administrative judge's well-explained legal analysis in the initial decision and her finding that the deciding official did not engage in ex parte communications that denied the appellant due process. ID at 10-12. Applying the factors set out by the court in *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999), the administrative judge found that: (1) the deciding official considered new information and documents that were not included in the proposed removal notice; (2) the agency informed the appellant about all of the

information and documents that the deciding official was going to consider; (3) the agency eventually provided the additional information and documents to the appellant; and (4) the agency gave the appellant an opportunity to respond before the removal decision was issued. ID at 10-12; s*ee Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011) (finding that an employee must be given notice of any aggravating factors supporting an enhanced penalty and an ex parte communication with the deciding official regarding such factors may constitute a due process violation).[7] We also agree with the administrative judge's determination that the deciding official's review of this additional evidence and information did not constitute harmful error. ID at 12-13. Accordingly, we agree with the administrative judge's finding that the agency did not violate the appellant's due process rights.

The administrative judge properly decided that the penalty of removal was warranted.

¶12    Regarding the penalty, because not all the charges were sustained, the administrative judge considered carefully whether the sustained charges merit the penalty of removal. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 308 (1981). She properly considered the seriousness of the misconduct, the appellant's position as a law enforcement officer, that the misconduct jeopardized the appellant's ability to testify as a witness in any future criminal prosecutions, and that the appellant's potential for rehabilitation was diminished because of his prior alcohol-related misconduct. ID at 14-16. Additionally, as explained above, she considered that the appellant was not treated more harshly than other employees who engaged in similar misconduct. ID at 16-19. We therefore agree

---

[7] The U.S. Court of Appeals for the Federal Circuit's reasoning rests on the decision of the U.S. Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546-48 (1985), which held that a tenured public employee has a constitutionally protected property interest in ongoing public employment and that an agency may not deprive such an employee of his property interest without providing him with due process of law, including the right to advance notice of the charges against him, an explanation of the agency's evidence, and an opportunity to respond.

that the penalty of removal is within the bounds of reasonableness for the sustained misconduct.

The appellant did not establish his allegation that the administrative judge was biased.

¶13    Finally, the appellant argues that the administrative judge should have recused herself because of her manner during two prehearing conferences, one on February 2, 2015, and another on February 24, 2015.  The appellant asserts that during these conferences the administrative judge berated him and lied to him, and thus she was biased.  PFR File, Tab 1.

¶14    In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Galloway v. Department of Agriculture*, 110 M.S.P.R. 311, ¶ 13 (2008).  Here, the appellant's assertion of bias, based on the administrative judge's allegedly berating him, is insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators.   During the two conferences, the administrative judge did counsel the appellant that he must not interrupt her or agency counsel when they were speaking.  The administrative judge's actions in this respect did not show bias.  Rather, they evidenced appropriate control of the proceedings and did not amount to berating.  *See Key v. General Services Administration*, 60 M.S.P.R. 66, 68 (1993) (finding that an administrative judge has broad discretion to control the proceedings before her).

¶15    Further, we disagree with the appellant's claim that the administrative judge lied.  During the prehearing conferences, the appellant was seeking a dismissal without prejudice while he appealed his conviction.  In the first conference, the administrative judge suggested that she would grant the appellant's motion if he retained counsel and filed the criminal appeal.  IAF, Tab 65, Prehearing Conference Compact Diskette (statement of the administrative judge).  In the latter conference, however, the administrative judge denied the appellant's

motion over his representation that he had retained counsel for the criminal appeal, finding that to grant such a motion under the circumstances of this case would be contrary to Board case law. IAF, Tab 68 at 2. The fact that an administrative judge changed her mind and made rulings with which the appellant does not agree does not form a sufficient basis to find that the administrative judge lied or was biased. *See, e.g.*, *Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 14 (2007).[8] To the extent that the administrative judge erred in suggesting in the first conference that she might grant the appellant's motion, her error was harmless and did not affect the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). An administrative judge's case-related rulings, even if erroneous, are insufficient to establish bias sufficient to warrant her recusal or disqualification from further involvement in the appeal. *See King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 6 (1999).

¶16      Accordingly, we affirm the initial decision.

---

[8] The administrative judge's denying the appellant's motion to dismiss without prejudice is consistent with Board case law. An administrative judge may, at her discretion, stay proceedings when the interests of justice seem to require such action. *See Wallington v. Department of the Treasury*, 42 M.S.P.R. 462, 464-66 (1989). It is the Board's policy to stay its proceedings when criminal proceedings involving the same matter are pending. However, the pendency of a judicial appeal of a criminal conviction will not ordinarily result in continuing a stay of Board proceedings. *Id.* at 465-66. The appropriate standard is whether the interests of justice seem to require such action, after balancing the appellant's strong interest in postponing Board proceedings until the criminal charge against him is fully resolved against any prejudice to the agency in waiting an indeterminate amount of time to bring the Board proceedings to a close. *Id.* The interests of justice in this case did not require a stay in this case until all criminal appeals are exhausted. The appellant did not indicate that the appellate court review of his criminal conviction is de novo rather than on the record, and concurrent Board proceedings will not improperly interfere with the court's review.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.